Inez THOMAS, Plaintiff–Appellant,

v.

The KROGER COMPANY, Defendant–Appellee.

No. 92–8639.

United States Court of Appeals, Eleventh Circuit.

June 27, 1994.

---

**2.** Two points were added to this figure for obstruction of justice, raising Hudacek's offense level to 38.

John D. Watkins, Watkins & Watkins, P.C., Augusta, GA, for appellant.

Paul Oliver, Oliver & Associates, Atlanta, GA, for appellee.

Before TJOFLAT, Chief Judge, KRAVITCH, Circuit Judge, and RONEY, Senior Circuit Judge.

KRAVITCH, Circuit Judge:

Inez Thomas appeals a district court's order granting summary judgment in favor of the Kroger Company. Thomas was discharged from her job as a cashier with Kroger on February 28, 1989. Nearly two years later, on February 26, 1991, Thomas brought suit against Kroger alleging that the company had terminated her employment on the basis of race, thereby breaching the collective bargaining agreement with Thomas's union and violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e–2. Thomas later amended the complaint to include a claim for damages under 42 U.S.C. § 1981.

Kroger filed an untimely Motion for Summary Judgment, which the district court

granted with respect to each of Thomas's claims. Thomas appeals this judgment.

## I.

Inez Thomas worked for the Kroger Company as a cashier for 15 years prior to her termination. She was discharged after her supervisors checked her customer's receipt and allegedly discovered errors. At the time of the discharge, Thomas was a member of the United Food and Commercial Workers Local 1063 (Union) and was covered by its collective bargaining agreement with Kroger.

Article V of the agreement provides for a four step procedure for dispute resolutions, beginning at the store level with the manager, union steward and employee and escalating to a step three conference between a Union official and the Divisional Vice President or his representative.[1] If the parties agree, the intermediary steps can be skipped in favor of an immediate step three conference. If these conferences fail, the matter can be referred to arbitration.

Thomas filed a grievance with the union to initiate the dispute resolution process. A step three meeting was scheduled between the Union and the company's representative. When informed of this meeting, Thomas stated that she wished to attend with her lawyer. The Union representative told her that she could not bring her lawyer to the meeting. On April 25, 1989, the meeting occurred without Thomas in attendance and the Union elected not to proceed further with her grievance. Thomas then received a letter from Kroger stating that their investigation of her discharge was complete and the termination decision was final.

## II.

Thomas argues that the district court erred in ruling on Kroger's Motion for Summary Judgment because it was filed 24 days after the time specified by the local rules.[2] A district court, however, may consider an otherwise untimely motion if, among other reasons, doing so "would be the course of action most consistent with the interest of judicial economy." *Matia v. Carpet Transport, Inc.*, 888 F.2d 118, 119 (11th Cir.1989) (adopting district court's opinion). The district court in the instant case expressly noted that it was ruling on the motion in the interests of judicial economy. Thomas has not identified specific grounds for overturning this decision as an abuse of discretion, nor is any reason apparent to this court. Accordingly, we affirm the district court's decision to consider the motion for summary judgment.

## III.

The district court dismissed Thomas's breach of contract claim because she failed to use the dispute resolution procedure specified in the collective bargaining agreement. In reviewing the district court's ruling, this court applies the same standards used by the district court in considering the motion for summary judgment. *Rice v. Branigar Organization, Inc.*, 922 F.2d 788, 790 (11th Cir. 1991). We must examine the facts in the light most favorable to Thomas to determine whether a genuine issue of material fact exists to preclude judgment as a matter of law. *See Martin v. Commercial Union Ins. Co.*, 935 F.2d 235, 238 (11th Cir.1991).

The Supreme Court has stated the general rule that "federal labor policy re-

---

**1.** Article V provides for a four step procedure:

Step 1: By conference between the aggrieved employee, the shop steward and/or the Union business representative and the manager of the store.

Step 2: By conference between the shop steward and/or the Union business representative and the Zone manager.

Step 3: By conference between an official or officials of the Union and the Divisional Vice President, a representative of the Employer so delegated by the Divisional Vice President, or both.

Step 4: In the event that the last step fails to settle satisfactorily the complaint, either party, if it desires to arbitrate the complaint shall refer it to the Board of Arbitration within thirty (30) days after Step 3 is completed.

**2.** Local Rule 6.8 for the United States District Court for the Southern District of Georgia states that motions for summary judgment must be filed within twenty days after the close of discovery. In this case, Kroger filed its motion forty-four days after the discovery period ended.

quires that individual employees wishing to assert contract grievances must *attempt* use of the contract grievance procedure agreed upon by employer and union as a means of redress." *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 652, 85 S.Ct. 614, 616, 13 L.Ed.2d 580 (1965). This court has interpreted *Maddox* to require dismissal of the employee's suit if the collective bargaining agreement contains a grievance procedure and the employee does not attempt to use it. *Mason v. Continental Group, Inc.,* 763 F.2d 1219, 1222 (11th Cir.1985).

■ The agreement in this case contained a four-step dispute resolution procedure. Thomas initially followed the procedure by filing a complaint with her Union. The Union then scheduled a conference pursuant to step three of the agreement. Thomas insisted on bringing her lawyer notwithstanding the fact that the agreement does not entitle an employee to legal representation at this conference. On April 25, 1989, the Union representative and Kroger's agent met, but Thomas did not appear. The district court concluded that her actions constituted a failure to exhaust her remedies under the collective bargaining agreement and that her suit should be dismissed.

Thomas argues that she did not have proper notice of the meeting because she was not informed of the time or place that it was to occur.[3] In her deposition, however, Thomas stated that "we had set a meeting for a grievance ... Mr. Rice set a meeting up and so he called me...." Thomas Dep. at 84–85. This statement indicates that she was aware that a meeting would occur. Moreover, she flatly refused to attend the meeting without her lawyer. The facts establish that Thomas failed to exhaust her contractual remedies because she was aware of the meeting and refused to attend it; a reasonable jury could not find otherwise. Accordingly, we affirm the district court's order granting summary judgment on this claim.[4]

## IV.

■ The district court granted summary judgment against Thomas on her Title VII claim. Title VII expressly states that an employee must file a charge of discrimination with the EEOC within 180 days after the alleged discrimination in order to maintain an action under the Act. 42 U.S.C. § 2000e–5(e). Thomas concedes that she did not file a charge with the EEOC. Thomas Dep. at 88. Thus, the district court properly granted summary judgment on her Title VII claim.

## V.

■ Thomas amended her complaint to add a charge under 42 U.S.C. § 1981.[5] Kroger argues that Thomas cannot assert a cognizable claim under Section 1981 because of the Supreme Court's holding in *Patterson v. McLean Credit Union,* 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). In *Patterson,* the Court determined that conduct occurring after the formation of the contract is not actionable under Section 1981. Id. 491 U.S. at 169–71, 109 S.Ct. at 2369. This circuit has interpreted the *Patterson* holding as precluding Section 1981 claims based upon an alleged discriminatory discharge. *Weaver v. Casa Gallardo, Inc.,* 922 F.2d 1515, 1520 (11th Cir.1991). Thomas contends that this case law was overruled by the Civil Rights Act of 1991, Pub.L. No. 102–166, 105 Stat.

---

3. We have read the collective bargaining agreement and question whether it requires that an employee attend a step three meeting. The language specifies that an official of the Union and representative of the Employer will attend, but makes no mention of the employee. Appellant, however, fails to raise any argument based on the contract and merely asserts lack of notice as to the time and place of the meeting. The district court found that Thomas was required to attend the meeting and appellant does not dispute this finding. Therefore, this court will confine its review to the claims actually raised in appellant's brief.

4. Because we find that Thomas did not exhaust her contractual remedies, we do not address Kroger's argument that her claim was barred by the statute of limitations.

5. According to 42 U.S.C. § 1981, "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts ... as is enjoyed by white citizens...."

1071 (codified in scattered sections of 42 U.S.C. § 1981).

The district court noted that Thomas's original complaint was filed before the effective date of the Act. Thus, Thomas only has a cognizable claim under Section 1981 if the Civil Rights Act is applied retroactively. The Supreme Court, however, has recently held that the Civil Rights Act of 1991 is not retroactively applicable, thus barring Thomas's Section 1981 claim. *See Rivers v. Roadway Express, Inc.,* — U.S. —, —, 114 S.Ct. 1510, 1519–20, 128 L.Ed.2d 274 (1994) (holding that § 101 of the Civil Rights Act of 1991, amending the definition announced in *Patterson v. McLean Credit Union,* 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989) of the term 'make and amend contracts' as used in 42 U.S.C. § 1981, "does not apply to preenactment conduct."); *Landgraf v. USI Film Products,* — U.S. —, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) (holding that § 102 of Civil Rights Act of 1991 is not retroactively applicable to cases pending on appeal when statute was enacted.)

## VI.

We conclude that the district court correctly granted summary judgment on Thomas's breach of contract claim on the ground that she failed to exhaust her contractual remedies before litigation. The record indicates that Thomas knew that a meeting time was set and refused to attend without her lawyer. We further hold that Thomas is precluded from asserting a claim under Title VII because she failed to file the requisite charge with the EEOC. Finally, Thomas's Section 1981 claim is barred by the Supreme Court's recent decisions in both *Rivers v. Roadway Express* and *Landgraf v. USI Film Products, supra,* holding that the Civil Rights Act of 1991 does not apply retroactively. Accordingly, the district court's order is AFFIRMED.