[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12958
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 23, 2011
JOHN LEY
CLERK

D.C. Docket No. 9:08-cv-80656-LRJ

JOHN W. WOOD, JR.,

Plaintiff-Appellant,

versus

FLORIDA ATLANTIC UNIVERSITY BOARD OF TRUSTEES,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 23, 2011)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

John W. Wood, proceeding *pro se*, appeals the district court's partial dismissal and partial grant of summary judgment in his employment-discrimination suit against the Board of Trustees of Florida Atlantic University ("FAU"). Wood argues that FAU violated the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301- 4335, and the Florida Veterans' Preference in Appointment and Retention Act ("FVPA"), Fla. Stat. § 295.07, when it failed to initially hire and then retain him. Wood also argues that FAU discriminated against him based upon his status as an Army veteran and denied him his right to veterans' preference. After a thorough review of the record, we affirm.

I.

Between 2005 and 2006, Wood submitted over 30 applications for various positions advertised at FAU. But FAU did not hire Wood for any of the positions. In response, Wood filed 24 administrative complaints against FAU with the Florida Department of Veteran's Affairs ("DVA"), arguing that FAU violated both USERRA and the FVPA. After reviewing the complaints, the DVA ordered FAU to hire Wood for a "vacant" position. FAU offered Wood a temporary position in the Controller's Office. After approximately five months of employment, Wood was terminated. FAU cited insubordination, substandard performance, conduct

2

unbecoming to a state employee, and disruption of department activities as grounds for his removal.

Wood then filed a 14-count complaint in district court arguing, *inter alia*, that he was fired because he complained about disparate treatment. The district court dismissed several of Wood's USERRA claims for lack of subject-matter jurisdiction.[1] The court then granted summary judgment to FAU on Wood's remaining claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2; the Florida Civil Rights Act ("FCRA"), Fla. Stat. §§ 760.01-760.11; and 42 U.S.C. § 1983. The court concluded that veterans were not a protected class under Title VII, and that neither Title VII nor the FCRA protected the act of objecting to an employer's failure to provide veterans' preference. As to Wood's § 1983 claim, which alleged a violation of his procedural-due-process rights, the court found that Wood did not have a vested property right in his continued employment with FAU.

On appeal, Wood contends that the district court erred in dismissing his USERRA and FVPA claims for lack of subject-matter jurisdiction and in declining to exercise supplemental jurisdiction over Wood's FVPA claims; that the district court abused its discretion by permitting FAU to file a motion to dismiss on the

---

[1] The parties consented to having the remaining claims tried by a magistrate judge.

last business day before trial, and then permitting it to file an untimely motion for summary judgment; and that the court improperly granted summary judgment to FAU on the remaining claims.

## II.

*Pro se* briefs and pleadings are to be construed liberally. *Alba v. Montford,* 517 F.3d 1249, 1252 (11th Cir. 2008). We review *de novo* a district court's dismissal of a claim for lack of subject-matter jurisdiction. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). We review a district court's decision to decline supplemental jurisdiction over a state law claim for abuse of discretion. *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 738 (11th Cir. 2006). Although, we review for an abuse of discretion a district court's consideration of an untimely motion for summary judgment, we still review its grant of summary judgment *de novo*. *See Thomas v. Kroger Co.*, 23 F.3d 147, 149 (11th Cir. 1994); *Miccosukee Tribe of Indians of Florida v. United States*, 566 F.3d 1257, 1264 (11th Cir. 2009).

## III.

## A.

Wood argues that the district court erred when it determined that USERRA does not create a federal cause of action for private suits against state employers.

4

In support, Wood points to a bill introduced in the House of Representatives in 2009 that indicates Congress's intent to extend the district court's jurisdiction to include private actions against a state employer.

Congress enacted USERRA to prohibit employment discrimination on the basis of military service, as well as to provide reemployment to individuals who engage in non-career service in the military. *Coffman v. Chugach Support Servs. Inc.*, 411 F.3d 1231, 1234 (11th Cir. 2005). Section 4323 of USERRA discusses its judicial enforcement. 38 U.S.C. § 4323(b). It specifically provides that "[i]n the case of an action against a State (as an employer) by a person, the action may be brought in a State court of competent jurisdiction in accordance with the laws of the State." *Id.* at § 4323(b)(2). By contrast, "[i]n the case of an action against a State (as an employer) or a private employer commenced by the United States, the district courts of the United States shall have jurisdiction over the action." § 4323(b)(1). In addition to its enforcement provisions, USERRA also contains a preemption provision that "supersedes any State law . . . that reduces, limits, or eliminates in any manner any right or benefit provided [under the statute]." *Id*. at § 4302(b).

As the district court correctly noted, "the corollary to this proposition, supported by USERRA's remedial scheme and legislative history, is that the

5

federal court lacks jurisdiction over a USERRA claim brought by a private individual against a state employer." Although this court has not specifically addressed this issue, our sister circuits have found that the permissive language of USERRA regarding private actions against state employers vests exclusive jurisdiction in state courts. *See McIntosh v. Partridge*, 540 F.3d 315 (5th Cir. 2008) (finding that USERRA does not confer jurisdiction upon federal courts to hear action by private individual against state as employer); *Velasquez v. Frapwell*, 165 F.3d 593 (7th Cir. 1999) (holding, "Congress's intention to limit USERRA suits against states to state courts is unmistakable"); *Townsend v. University of Alaska*, 543 F.3d 478 (9th Cir. 2008) (noting that under USERRA a state university is indisputably an arm of the state falling under section 4323(b)(2)).[2]

Additionally, the FVPA requires the State of Florida and its political subdivisions to accord preference to veterans when making employment decisions. Fla. Stat. § 295.07; *Cohen v. Florida Dep't of Law Enforcement*, 654 So.2d 1058, 1058 (Fla. Dist. Ct. App. 1995). Nevertheless, it is a creature of state, not federal

---

[2] Additionally, "Congress did not use the terms 'must' or 'shall' with respect to state court jurisdiction over USERRA claims for the apparent reason that the powers delegated to Congress under Article I of the United States Constitution do not include the power to subject nonconsenting States to private suits for damages in state courts." *Townsend*, 543 F.3d at 484 (internal quotation marks and citation omitted).

6

law, and it purports to enlarge, not diminish veterans' rights. *See* Fla. Stat. § 295.07.

Here, the district court properly dismissed Wood's USERRA and FVPA claims for lack of subject-matter jurisdiction. The text of USERRA has been interpreted to mean that jurisdiction to entertain private USERRA suits against state employers lies exclusively in state court. Additionally, the bill that Wood cites as evidence of congressional intent to expand the district court's jurisdiction has not yet been passed into law and cannot be relied upon by this court.[3] Finally, because the district court disposed of all of Wood's federal claims before trial, its refusal to exercise supplemental jurisdiction over the FVPA claim was not an abuse of discretion. 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

## B.

Wood next argues that the district court abused its discretion when it allowed FAU to file a motion to dismiss on the last day before trial and an untimely summary judgment motion.[4] District courts have broad discretion to

---

[3] The Servicemembers Access to Justice Act, H.R. 1474, 111th Cong. (2009).

[4] Wood also argues, for the first time on appeal, that the district court violated his Seventh Amendment right to a jury trial by granting summary judgment to FAU. This court generally does not consider issues that were not properly preserved on appeal. *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1030 (11th Cir. 1982). And we will not do so here.

7

consider such motions, especially when doing so is "consistent with the interest of judicial economy." *Thomas,* 23 F.3d at 149. Moreover, as courts of limited jurisdiction, district courts are obligated to dismiss claims whenever the lack of jurisdiction becomes apparent. *See* Fed. R. Civ. P. 12(h)(3); *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Here, the court did not abuse its discretion by considering FAU's dispositive motions, although they were filed very close to trial. The court was obligated to consider the jurisdictional issues raised in the motion to dismiss. Further, it reasonably concluded that considering the motion for summary judgment could promote judicial economy, particularly if it rendered trial unnecessary.

## C.

Next, Wood argues that the district court erred in granting summary judgment to FAU on his Title VII hostile-work-environment, retaliation, and FCRA claims because FAU's employment regulations recognize veterans as a protected class.[5] Title VII establishes that it is an "unlawful employment practice"

---

[5] In his initial complaint, Wood also referenced claims under the Veterans Employment Opportunities Act, 5 U.S.C. §3330a, and for denial of substantive due process. However, he has failed to brief those claims on appeal. Thus, they are deemed abandoned and we will not consider them. *Timpson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

to discriminate against an employee on the basis of "race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a).  Further, it prohibits retaliating against an employee because he has "opposed . . . any practice made an unlawful employement practice by [Title VII]."  42 U.S.C. § 2000e-3(a).  The FCRA was patterned after Title VII, and case law interpreting Title VII applies to cases arising under the FCRA.  *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998)*; Ranger Ins. Co. v. Bal Harbour Club, Inc.*, 549 So.2d 1005, 1009 (Fla. 1989).  Neither provision, however, protects employees from being discriminated against based on non-listed characteristics, such as veteran's status.

To prove his claims, Wood must show first that he belongs to a protected group.  *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002).  Wood's hostile-work-environment claim fails because veterans, as a group, are not protected under Title VII and the FCRA.  Because they are unprotected, FAU's failure to provide veterans' preference is not an "unlawful employment practice," and cannot serve as the basis of a viable retaliation claim.

## D.

Finally, Wood argues that under 42 U.S.C. § 1983 and the Due Process Clause of the Fourteenth Amendment he has a vested property interest in his

continued employment with FAU. The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. A claim brought under § 1983 alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process. *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003).

This court has observed that federal law can create property interests, including, in some situations, property interests in continued employment. *See Hardison v. Cohen*, 375 F.3d 1262, 1268 (11th Cir. 2004). In cases involving state or local law, this court has held that public employees generally have property rights to continued employment if the law limits their employers' power to dismiss or demote them. *Ross v. Clayton County, Ga.*, 173 F.3d 1305, 1307-08 (11th Cir. 1999). None of the provisions of USERRA form a legitimate claim of entitlement of a constitutionally-protected property interest. Thus, Wood cannot show a vested property interest in continued state employment.

For the reasons stated above, we conclude that the district court did not err in its partial dismissal of Wood's complaint and partial grant of summary judgment in favor of FAU. Accordingly, the judgment of the district court is

10

**AFFIRMED.**