Albert J. VELASQUEZ, Plaintiff–
Appellant,

v.

Dorothy J. FRAPWELL and the Trustees
of Indiana University, Defendants–
Appellees,

and

United States of America, Intervening
Plaintiff–Appellant.

Nos. 98–1547, 98–2034.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 28, 1998.

Decided Jan. 20, 1999.

Michael A. Kiefer (submitted), Garrison &
Kiefer, Indianapolis, IN, for Plaintiff–Appel-
lant.

Susan B. Tabler, Pamela V. Keller, Ice,
Miller, Donadio & Ryan, Indianapolis, IN, for
Defendant–Appellee Frapwell.

Pamela V. Keller, Ice, Miller, Donadio &
Ryan, Indianapolis, IN, for Defendant–Ap-
pellee Trustees of Indiana Univ. in No. 98-
1547.

Susan B. Tabler, Pamela V. Keller, Ice,
Miller, Donadio & Ryan, Indianapolis, IN, for
Defendant–Appellee Trustees of Indiana
Univ. in No. 98-2034.

Mark Stern, Carl E. Goldfarb, Department
of Justice, Civil Div., Washington, DC, for
Intervenor–Appelelant U.S. in No. 98-2034.

Before POSNER, Chief Judge, and
CUMMINGS and EVANS, Circuit Judges.

PER CURIAM.

In our opinion in this case issued on No-
vember 12, 1998, and reported at 160 F.3d
389 (7th Cir.1998), we held that the plaintiff's
claim under the Uniformed Services Employ-
ment and Reemployment Rights Act (USER-
RA), 38 U.S.C. §§ 4301 et seq., against the
Trustees of Indiana University, an arm of the
State of Indiana, was barred by the Eleventh
Amendment. Later we learned that on the
day before our decision was issued, Congress
had amended USERRA in the Veterans Pro-
grams Enhancement Act of 1998, Pub.L. No.
105–368 (Nov. 11, 1998). We asked the par-
ties to submit supplemental memoranda con-
cerning the possible impact of the amend-
ment on our decision; the defendants and
the federal government have responded; the
latter in the form of a petition to vacate so
much of our decision as relates to USERRA.

The amendment to USERRA, so far as
bears on this case, adds a new section confer-
ring only on state courts jurisdiction over
suits against a state employer, 38 U.S.C.
§ 4323(b), and makes the new jurisdictional
provision applicable to pending cases, Pub.L.

594

No. 105–368, § 211(b)(1), and hence to this case. The defendants argue that jurisdiction continues in the federal courts under the general federal-question jurisdictional statute, 28 U.S.C. § 1331, which section 211 of the statute amending USERRA does not purport to repeal. The argument has no merit; Congress's intention to limit USER-RA suits against states to state courts is unmistakable; the defendant's arguments that this case was finally decided because the district court issued a final decision and so the amendment is inapplicable, and that if it is applicable it is unconstitutional, also plainly lack merit.

We conclude that we lacked jurisdiction over the plaintiff's USERRA claim, though not over his other claim, which is under Title VII of the Civil Rights Act of 1974. We therefore vacate so much of our decision as relates to the state's Eleventh Amendment defense and, as is customary, *United States v. Munsingwear*, 340 U.S. 36, 41, 71 S.Ct. 104, 95 L.Ed. 36 (1950), we also vacate the relevant ruling by the district court. Our judgment affirming the dismissal of the suit is not affected, however.