**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ROBERT DAVID TOWNSEND,
        *Plaintiff-Appellant,*

    v.

UNIVERSITY OF ALASKA;
UNIVERSITY OF ALASKA AT
FAIRBANKS,

        *Defendants-Appellees.*

No. 07-35993

D.C. No.
CV 06-0171 TMB

OPINION

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted
August 7, 2008—Anchorage, Alaska

Filed September 5, 2008

Before: Dorothy W. Nelson, A. Wallace Tashima, and
Raymond C. Fisher, Circuit Judges.

Opinion by Judge Tashima

**COUNSEL**

Donald L. Hyatt, II, New Orleans, Louisiana, for the plaintiff-appellant.

William B. Schendel, Fairbanks, Alaska, for the defendants-appellees.

**OPINION**

TASHIMA, Circuit Judge:

Robert David Townsend sued his former employer, the University of Alaska, Fairbanks, in federal district court, alleging violations of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA" or the "Act"), 38 U.S.C. §§ 4301-4333. The district court dismissed his action, concluding that it lacked jurisdiction over a USERRA claim brought by an individual against an arm of the state. The district court also denied Townsend's motion to amend his complaint to add individual state supervisors as defendants, reasoning that such an amendment would be futile because the court would still lack jurisdiction over the amended complaint. Townsend timely appealed.

We must decide whether a federal district court has jurisdiction over an USERRA action brought by an individual against an arm of a state, and whether USERRA creates a private right of action against individual state supervisors. We hold that a federal district court lacks jurisdiction over a USERRA action brought by an individual against a state and that USERRA does not create a cause of action against state employee-supervisors. We thus affirm the district court.

## I.  JURISDICTION

The district court dismissed this action for lack of jurisdiction. Whether that dismissal was proper is the primary issue on appeal. The district court, of course, had jurisdiction to determine whether it has jurisdiction. *See, e.g.*, *Capron v. Van Noorden*, 6 U.S. (2 Cranch) 126, 127 (1804). We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.  BACKGROUND

Townsend commenced this action in federal district court against his former employer, the University of Alaska ("State" or "University"), alleging violations of USERRA. Townsend alleged that he was fired from his job with the University because of his military status with the Alaska Air National Guard in violation of USERRA. Townsend invoked the district court's jurisdiction pursuant to 38 U.S.C. § 4323(b)(3), which provides that "[i]n the case of an action against a private employer by a person, the district courts of the United States shall have jurisdiction of the action." It is undisputed that the University is an arm of the State of Alaska.

The State moved to dismiss, contending that the federal district court lacked subject matter jurisdiction over Townsend's USERRA claim. The State argued that the Act's provision that "[i]n the case of an action against a State (as an employer) by a person, the action may be brought in a State court of competent jurisdiction in accordance with the laws of the State," 38 U.S.C. § 4323(b)(2), means that the federal district court lacks jurisdiction over a USERRA claim against a "State (as an employer)" brought by a private individual. The district court granted the State's motion and dismissed the case for lack of jurisdiction.

Townsend then moved to amend his complaint to include individual supervisors as additional defendants. The district

court denied leave to amend, reasoning that such an amendment would be futile because jurisdiction would still be lacking after concluding that USERRA does not create a cause of action against individual state supervisors.

Townsend timely appeals both the dismissal and the denial of leave to amend.

## III.   STANDARD OF REVIEW

The existence of subject matter jurisdiction is a question of law we review *de novo. See, e.g.*, *United Transp. Union v. Burlington N. Santa Fe R.R. Co.*, 528 F.3d 674, 677 (9th Cir. 2008). Our review of whether a statute creates a private cause of action is also *de novo. See Crow Tribe of Indians v. Campbell Farming Corp.*, 31 F.3d 768, 769 (9th Cir. 1994).

## IV.   ANALYSIS

### A.   Statutory Background

**[1]** USERRA forbids employment discrimination on the basis of membership in the armed forces. 38 U.S.C. §§ 4301(a)(3), 4311(a). An employer violates USERRA if an employee's membership or obligation for service in the military is a motivating factor in an employer's adverse employment action taken against the employee, unless the employer can prove that the action would have been taken in the absence of such membership or obligation. *See id.* § 4311(c)(1); *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002). To enforce its provisions, USERRA authorizes private suits for damages or injunctive relief against the employer, including a state employer. 38 U.S.C. §§ 4303(4)(A)(iii), 4323(a)(2), (b)(2), (d)(3).

**[2]** Before the 1998 amendments to USERRA, the Act provided that "[t]he district courts of the United States shall have jurisdiction" over all USERRA actions, including those

brought by a person against a State employer. *See* Pub. L. No. 103-353, § 2, 108 Stat. 3149, 3165 (1994), *amended by* Pub. L. No. 105-368, § 211(a), 112 Stat. 3315, 3329 (1998). The venue provision then provided that "[i]n the case of an action against a State as an employer, the appropriate district court is the court for any district in which the State exercises any authority or carries out any function." *Id.*

**[3]** In 1998, Congress enacted the Veterans Programs Enhancement Act of 1998, making substantial changes to the jurisdiction and venue provisions of USERRA. The amended jurisdictional provision now provides that "[i]n the case of an action against a State (as an employer) by a person, the action may be brought in a State court of competent jurisdiction in accordance with the laws of the State." 38 U.S.C. § 4323(b)(2). The amended Act provides for federal jurisdiction over "an action against a State (as an employer) or a private employer commenced by the United States," and "an action against a private employer by a person." *Id.* § 4323(b)(1), (3). In cases in which the Attorney General believes that a State has not complied with USERRA, the amended version provides that the United States can be substituted for an individual service member as the plaintiff in enforcement actions. *Id.* § 4323(a). The federal district court has jurisdiction over such an action. *Id.* § 4323(b)(1).

The venue provision was also amended. It now provides that "[i]n the case of an action by the United States against a State (as an employer), the action may proceed in the United States district court for any district in which the State exercises any authority or carries out any function." *Id.* § 4323(c)(1). "In the case of an action against a private employer, the action may proceed in the United States district court for any district in which the private employer of the person maintains a place of business." *Id.* § 4323(c)(2). The Act, as amended, includes no venue provision for an action by a private person against a State (as an employer).

**[4]** The legislative history of the 1998 amendments confirms that Congress intended that actions brought by individuals against a state be commenced in state court. The underlying reason for these amendments was that Congress was concerned about the Supreme Court's then-recent decision in *Seminole Tribe v. Florida*, 517 U.S. 44 (1996). In *Seminole Tribe*, the Court held that Congress may abrogate a state's sovereign immunity only when acting pursuant to its powers under § 5 of the Fourteenth Amendment, and not when it is acting pursuant to its Commerce Clause powers. *Id.* at 59, 72-73. Following *Seminole Tribe*, the validity of USERRA's abrogation of state sovereign immunity was in doubt. *See* 144 Cong. Rec. H1396-02, H1398 (daily ed. Mar. 24, 1998) (Statement of Rep. Evans) ("[S]everal courts have held the reasoning of the Seminole Tribe case precludes federal court jurisdiction of claims to enforce federal rights of State employees under the Uniformed Service Employment and Reemployment Rights Act (USERRA).").

H.R. 3213, the jurisdictional provisions of which survive in the current version of 38 U.S.C. § 4323, was introduced on the House floor on March 24, 1998. *See* 144 Cong. Rec. H1396-02 (1998); *see also* H.R. 3213, 105th Cong. (1998). The stated purpose of the bill was, in part, "to clarify enforcement of veterans' employment and reemployment rights with respect to a State as an employer." 144 Cong. Rec. at H1396; *see also* H.R. 3213. The summary of the bill in the Report of the House Committee on Veterans' Affairs provides further insight into Congress' intent:

> This bill would substitute the United States for an individual veteran as the plaintiff in enforcement actions in cases where the Attorney General believes that a State has not complied with USERRA. Since the Attorney General, through U.S. Attorneys, is already involved in enforcing this law, the enactment of H.R. 3213 will not impose any new duties on the Attorney General. *Individuals not represented by the*

> *Attorney General would be able to bring enforce-*
> *ment actions in state court.*

H.R. Rep. No. 105-448, at 2 (1998) (emphasis added), *available at* 1998 WL 117158.

**[5]** The House Report thus makes plain that the purpose of the bill was to solve the *Seminole Tribe* problem by: (1) substituting the United States for the service member in suits brought against states in federal court;[1] and (2) directing actions brought by individual service members, who were not represented by the United States, to state court.[2] *See* H.R. Rep. No. 105-448, at 2-5 (discussing the problems created by *Seminole Tribe* for USERRA's enforcement scheme and the proposed solution); *see also* 144 Cong. Rec. at H1398 (statement of Rep. Quinn) ("This bill would substitute the United States for an individual veteran as the plaintiff in enforcement actions in cases where the Attorney General believes that a State has not complied with USERRA. . . . Individuals not represented by the Attorney General would be able to bring enforcement actions in State court.")" The legislative history is devoid of any statement or suggestion that Congress intended to authorize individuals to bring actions against states in federal court or to enact a cause of action against the employee's supervisors in their individual capacity.

---

[1]An action by the United States against a state in federal court is not barred by the Eleventh Amendment. *See United States v. Mississippi*, 380 U.S. 128, 140-41 (1965).

[2]Congress did not use the terms "must" or "shall" with respect to state court jurisdiction over USERRA claims for the apparent reason that "the powers delegated to Congress under Article I of the United States Constitution do not include the power to subject nonconsenting States to private suits for damages in state courts." *Alden v. Maine*, 527 U.S. 706, 712 (1999); *cf. ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513, 516 (3d Cir. 1998) ("While state courts would have had jurisdiction over private [Telephone Consumers Protection Act] actions even if Congress had made no reference to state courts, we conclude that Congress referred these claims to state court as forcefully as it could, given the constitutional difficulties associated with Congress' mandating a resort to state courts.").

## B.   Individual Claims Against a State

**[6]** Despite the structure of the 1998 amendments' remedial scheme and its legislative history, Townsend contends that USERRA provides for federal court jurisdiction for an action brought by a private individual against the University. He argues that Congress intended to retain federal court jurisdiction over USERRA claims brought by private individuals against an arm of the State. The Eleventh Amendment, however, bars federal jurisdiction over suits against an unconsenting state by its own citizens. *See Hans v. Louisiana*, 134 U.S. 1, 15 (1890); *accord Seminole Tribe*, 517 U.S. at 54.

**[7]** Although Congress may abrogate the states' sovereign immunity when "Congress has 'unequivocally expresse[d] its intent to abrogate the immunity,' " and when "Congress has acted 'pursuant to a valid exercise of power,' " *Seminole Tribe*, 517 U.S. at 55 (quoting *Green v. Mansour*, 474 U.S. 64, 68 (1985)); *accord Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1184-85 (9th Cir. 2003), here, Congress has not unequivocally expressed an intent to abrogate the states' sovereign immunity in USERRA. The best Townsend can point to is the language in the Act that claims against a state "may" be brought in state court. *See* 38 U.S.C. § 4323(b)(2). Based on that language, Townsend argues that Congress impliedly intended to authorize private actions against states in federal court.

**[8]** We have, however, on at least two occasions, explicitly rejected the argument that permissive language regarding another forum's jurisdiction means that Congress also intended to grant federal jurisdiction. In *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1022 (9th Cir. 2007), we concluded that a statute stating that a person "may" file an administrative complaint with the Secretary of Labor did not mean that a complaint could be filed with the Secretary of Labor *and* with the federal district court. And in *Murphey v. Lanier*, 204 F.3d 911, 914 (9th Cir. 2000), we held that because fed-

eral jurisdiction is limited to that conferred by Congress, a statute stating that an action "may" brought in state court "does not mean that federal jurisdiction also exists; instead, the failure to provide for federal jurisdiction indicates that there is none." Thus, Congress' use of the permissive "may" with respect to bringing suit in some other forum does not evince an intent to grant federal jurisdiction over actions brought by individuals against states, and it certainly does not evince an intent to abrogate the states' sovereign immunity. *See Dellmuth v. Muth*, 491 U.S. 223, 230 (1989) ("[E]vidence of congressional intent must be both unequivocal and textual."); *see also Seminole Tribe*, 517 U.S. at 55 ("Congress' intent to abrogate the States' immunity from suit must be obvious from a clear legislative statement.") (internal quotation marks and citations omitted).[3]

[9] Townsend also argues in passing that 28 U.S.C. § 1331, the general federal question jurisdictional statute, grants jurisdiction over USERRA claims brought against a state by an individual, and thereby evinces an intent to abrogate the states' sovereign immunity. Section 1331, however, "does not itself purport to direct federal courts to ignore a State's sovereign immunity." *Seminole Tribe*, 517 U.S. at 86 (Stevens, J., dissenting).

[10] Thus, we conclude that the district court correctly dismissed Townsend's suit against the State for lack of subject matter jurisdiction. Indeed, not only has Congress failed to evince an intent to abrogate the states' sovereign immunity, "Congress's intention to limit USERRA suits against states to

---

[3]By way of contrast, the pre-1998 version of USERRA did evince a clear congressional intent to abrogate sovereign immunity. It provided that "[t]he district courts of the United States shall have jurisdiction" over all USERRA actions, including those brought by a person against a State employer. *See* Pub. L. No. 103-353 § 2, 108 Stat. 3149, 3165 (1994). But, as we have noted in Part IV.A, *supra*, concerned about the teaching of *Seminole Tribe*, Congress repealed that provision.

state courts is unmistakable." *See Velasquez v. Frapwell*, 165 F.3d 593, 594 (7th Cir. 1999) (per curiam).[4]

## C. Claims Against Individual Supervisors

**[11]** Next, Townsend contends that the district court erred in denying him leave to amend his complaint in order to name state employee-supervisors in their individual capacities as defendants. These individual defendants, according to Townsend, also violated his USERRA rights.[5] Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend shall be freely granted "when justice so requires." Leave to amend need not be granted, however, where the amendment would be futile. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 n.4 (9th Cir. 1990) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). We agree with the district court that the amendment would be futile, but for somewhat different reasons that we discuss below. *See Atel Fin. Corp. v. Quaker Coal Co.*, 321 F.3d 924, 926 (9th Cir. 2003) (per curiam) ("We may affirm a district court's judgment on any ground supported by the record, whether or not the decision of the district court relied on the same grounds or reasoning we adopt."). Section 4323 does not create either an express or implied cause of action

---

[4]The Fifth Circuit also recently held that the statute does not "allow[ ] individuals to bring USERRA claims against states as employers in federal court." *McIntosh v. Partridge*, 2008 WL 3198250, at *4 (5th Cir. Aug. 8, 2008). Although the suit was brought against an individual in both his individual and official capacities, *see id.* at *1, the court analyzed the case as if it were an action against the state and not an individual defendant.

[5]If Townsend attempted to sue the state officials in their official capacity, he would still face the bar of sovereign immunity. The Eleventh Amendment's bar remains effective, if somewhat less absolute, in cases where state officials, instead of the State itself, are the subjects of suit. "Generally speaking, 'a suit [brought] against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.' " *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008) (alteration in the original and quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71(1989)).

against individual state supervisors.[6] Accordingly, Townsend's proposed amended complaint would still fail to state a claim against those defendants.

### 1.  Express Cause of Action

[12] USERRA expressly creates only two private causes of action: (1) an action brought by an individual against a State (as an employer), which as we have noted, may be brought in state court; and (2) an action brought against a private employer, which may be brought in both state and federal court. *See* 38 U.S.C. § 4323(a)(2). Despite the plain text of the statute, Townsend argues that USERRA also creates a cause of action against the supervisors, because the Act defines "employer" to include "*a person*, institution, organization, or other entity to whom the employer has delegated the performance of employment-related responsibilities," 38 U.S.C. § 4303(4)(A)(i) (emphasis added), and the supervisors are persons. The USERRA cause of action, however, arises against "a State (as an employer)." *See id.* § 4323(a)(2). Individual supervisors are not included in the definition of "State." *See id.* § 4303(14) (defining "State"). Although the cause of action can be brought against a "State (as an employer)," "as an employer" describes the capacity in which the State can be sued; it does not create a cause of action against individual state employees even if they exercise supervisory

---

[6]The district court stated that the "naming of individual state employees does not cure the *subject matter jurisdiction* defect." (Emphasis added.) It is "firmly established . . . that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction" under 28 U.S.C. § 1331. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). Therefore, although we agree with the district court that USERRA does not create a cause of action against individual state supervisors, we do not view Townsend's proposed claim against them as so "wholly insubstantial and frivolous" or "foreclosed by prior decisions of this Court," *see id.*, that federal question jurisdiction would not lie. The basis for futility is more accurately characterized as a failure to state a claim for relief, *see* Fed. R. Civ. P. 12(b)(6), than as a failure to invoke federal jurisdiction, *see* Fed. R. Civ. P. 12(b)(1).

responsibility. Thus, an action under USERRA is available only against the State "as an employer," and not in some other capacity. In any event, even if the individual supervisors are a "State (as an employer)," that action, as we have already noted, would be limited to state court. Thus, Townsend's attempt to sue individual supervisors under the cause of action which the Act provides against a "State (as an employer)" fails.

**[13]** Nor are the individual state supervisors "private employers." While the supervisors may fit under the definition of "employer," we agree with the district court that it would do violence to the language of the statute to consider a state employee-supervisor a "private employer."

### 2.  *Implied Cause of Action*

**[14]** We next consider whether there is an implied private right of action against an individual state supervisor under USERRA. *See Williams*, 500 F.3d at 1022. To determine whether a private right of action is implied in a federal statute, we employ the four-factor test under *Cort v. Ash*:

> First, is the plaintiff one of the class for whose especial benefit the statute was enacted—that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

422 U.S. 66, 78 (1975) (internal quotation marks and citations omitted).

The first factor weighs in favor of finding an implied cause of action: USERRA clearly creates federal rights for service members like Townsend. "However, 'even where a statute is phrased in such explicit rights-creating terms, a plaintiff suing under an implied right of action still must show that the statute manifests an intent to create not just a private *right* but also a private *remedy* [in federal court].' " *Williams*, 500 F.3d at 1023-24 (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002)).

**[15]** Given that cautionary note, the second factor, whether there is congressional intent to create a private right of action in federal court, is generally determinative. *See id.* (citing *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001)). Here, Congress manifested no intent to create a private right of action against state supervisors. Indeed, by designing such a detailed express remedial scheme, Congress evinced an intent *not* to create an additional individual cause of action against state supervisors. *Cf. Seminole Tribe*, 517 U.S. at 74 ("[W]here Congress has prescribed a detailed remedial scheme for the enforcement against a State of a statutorily created right, a court should hesitate before casting aside those limitations and permitting an action against a state officer based upon *Ex parte Young*."). And, as we have noted, nothing in the legislative history suggests an intent to create a cause of action against individual state supervisors.

**[16]** Thus, the structure of USERRA and its legislative history make plain that Congress did not intend to create a cause of action against state supervisors. We therefore conclude that the district court did not err in denying Townsend leave to amend his complaint because such an amendment would be futile.

## V.  CONCLUSION

Section 4323(b) plainly places private suits against the state in state court. And § 4323(b) certainly does not evince an

unequivocal intent to abrogate the states' sovereign immunity. Townsend's attempt to find implied concurrent jurisdiction in the "may" and "private employer" terminology falls far short, and his attempt to fashion a claim against individual state supervisors also fails.

The judgment of the district court is

**AFFIRMED**.