In the

# United States Court of Appeals

### For the Seventh Circuit

No. 08-2699

JUAN SANDOVAL and SIDNEY PENNIX,

*Plaintiffs-Appellants*,

*v.*

CITY OF CHICAGO, ILLINOIS,

*Defendant-Appellee*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 07 C 2835—**Suzanne B. Conlon**, *Judge*.

ARGUED FEBRUARY 23, 2009—DECIDED MARCH 30, 2009

Before EASTERBROOK, *Chief Judge*, and KANNE and
EVANS, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. Two of Chicago's police
officers filed this suit under the Uniformed Services
Employment and Reemployment Rights Act, 38 U.S.C.
§§ 4301–35. They want to be sergeants. This position
requires a competitive examination, which all candidates
take simultaneously to curtail the risks of cheating. Chi-
cago scheduled an exam for March 25, 2006. Juan Sandoval

and Sidney Pennix then were on military duty—Sandoval in El Salvador and Pennix in Iraq. Both asked for an opportunity to take the test outside the United States. Ernst & Young administers Chicago's civil-service exams outside Chicago. Both Sandoval and Pennix were offered the opportunity to sit for the exam in Ernst & Young's closest offices (San Salvador for Sandoval, Frankfurt for Pennix). Both accepted this offer without protest; both passed and were placed in the eligibility list; and both filed suit as soon as the first person was promoted from that list.

Sandoval and Pennix contend that they would have done better, and been promoted earlier, had the tests been offered closer to the places where they were stationed. They say that Chicago should have arranged for the military to administer the exam on base. They also seek compensation for what they describe as the cost and danger of reaching San Salvador or Frankfurt from their military-duty stations. The district court granted summary judgment for Chicago, however, after concluding that Chicago did not discriminate against persons serving in the military. 2008 U.S. Dist. LEXIS 46521 (N.D. Ill. June 13, 2008).

Jurisdiction is the first question. Suits against private employers under the Uniformed Services Employment and Reemployment Rights Act may be filed in federal court, but suits against states must be filed in state court. Compare 38 U.S.C. §4323(b)(2) with (b)(3). We held in *Velasquez v. Frapwell*, 165 F.3d 593 (7th Cir. 1999), that this means *only* state court: §4323(b) is designed to

avoid problems under the eleventh amendment with federal suits against states. See *Seminole Tribe v. Florida*, 517 U.S. 44 (1996). But §4323(i) defines "private employer" to include a subdivision of a state for the purpose of §4323. So the holding of *Velasquez* concerns only suits against states themselves. Chicago is a "political subdivision" of Illinois, and subject-matter jurisdiction is established.

Sandoval and Pennix rely on 38 U.S.C. §4311(a), which provides that a person serving in the military may not be "denied . . . any benefit of employment . . . on the basis of that" service. Plaintiffs say that they incurred higher costs, and more risk, to take their tests than did persons not serving with military units; they maintain that they would have scored higher had the tests been more convenient. The problem with this view is that §4311 is an anti-discrimination rule—its caption reads "Discrimination against persons who serve in the uniformed services and acts of reprisal prohibited". See *Velazquez-Garcia v. Horizon Lines of Puerto Rico, Inc.*, 473 F.3d 11, 17 (1st Cir. 2007); *Miller v. Indianapolis*, 281 F.3d 648, 650–51 (7th Cir. 2002). Sandoval and Pennix were not turned away because they were on active duty; to the contrary, Chicago arranged for each to take the test outside the United States. Section 4311(a) requires Chicago to treat persons on military service the same as other employees, which it did. If plaintiffs had been on vacation, or on leave to attend college abroad, they would have been treated exactly as they were. So where is the discrimination?

What Sandoval and Pennix want is not the same treatment as everyone else (an anti-discrimination norm), but

*better* treatment than those who are attending college or otherwise outside Chicago when a test is offered. In other words, they seek an accommodation rather than equal treatment. But §4311 does not require accommodation, which is fundamentally different from an equal-treatment norm. See *University of Alabama v. Garrett*, 531 U.S. 356 (2001); *Employment Division v. Smith*, 494 U.S. 872 (1990).

The opportunity to take a test that is required for promotion is a "benefit of employment" that Chicago may not deny to persons in the armed services. Because Chicago extended that opportunity to Sandoval and Pennix on the same terms available to persons not in military service, it complied with its obligations under §4311(a). Congress is free to require employers to do more—and perhaps Chicago would have done more voluntarily had Sandoval or Pennix asked for on-base administration of the test—but the statute on the books forbids discrimination without requiring accommodation. Another section of the Act drives home the point by requiring employers to treat persons on leave for military service the same as persons who are on leave for other reasons. 38 U.S.C. §4316. A requirement of equal treatment is incompatible with a demand for preferential treatment. See *Tully v. Department of Justice*, 481 F.3d 1367, 1369–70 (Fed. Cir. 2007); *Rogers v. San Antonio*, 392 F.3d 758, 764 (5th Cir. 2004).

Plaintiffs do not give any thought to the costs that their (belated) request for on-base administration would have imposed on Chicago and the military. When requiring

accommodation, Congress usually sets limits on the expense and inconvenience that an employer must bear to provide that benefit. See, e.g., *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63 (1977) (discussing the accommodation-of-religion clause in Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e–2(a)(1)); *Vande Zande v. Wisconsin Department of Administration*, 44 F.3d 538 (7th Cir. 1995) (discussing the accommodation requirement in the Americans with Disabilities Act, 42 U.S.C. §12112(b)(5)(A)). Section 4311(a) does not set a cap on cost, however, because it does not require accommodation in the first place.

Plaintiffs' remaining arguments have been considered but do not require discussion. The judgment is affirmed.