[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11055
Non-Argument Calendar
_____

D.C. Docket No. 9:16-cv-81521-BB


JOHN W. WOOD, JR.,

Plaintiff-Appellant,

versus

JOHN KELLY,
successor, President FAU,
LAWRENCE GLICK,
Senior Associate General Counsel,
STACEY SEMMEL,
Assistant VP for Financial Affairs,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 14, 2017)

Before JORDAN, ROSENBAUM, and FAY, Circuit Judges.

PER CURIAM:

John Wood Jr. is a disabled army veteran proceeding *pro se*. From 2005 to 2006, he submitted dozens of unsuccessful applications to work at Florida Atlantic University ("FAU"). FAU eventually hired him, only to terminate his employment five months later in October 2006. Since that time, he has unsuccessfully challenged FAU's actions in state and federal court, broadly alleging that FAU discriminated against him based upon his status as a veteran, denied him his right to veterans' preference, and denied him due process by terminating his employment without a hearing or other procedural protections.[1]

In August 2016, Wood filed the complaint that gives rise to this appeal, raising similar allegations against three FAU officials in their individual capacities. He alleged that the three officials created an unlawful pattern and practice of discrimination and retaliation against veterans by failing to implement the requirements of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301–4335, as implemented by the Equal Employment Opportunity Commission. And by failing to implement the requirements of USERRA, Wood maintained, the individual defendants deprived

---

[1]  In 2011, we affirmed the district court's partial dismissal and partial grant of summary judgment in Wood's earlier federal district court lawsuit against FAU. *See Wood v. Fla. Atl. Univ. Bd. of Trs.*, 432 Fed. App'x 812 (11th Cir. 2011).

him of his rights to substantive and procedural due process and to equal protection as a "protected person."

All of Wood's claims purportedly traveled under 42 U.S.C. § 1983. He alleged that the defendants violated his federal statutory and constitutional rights under USERRA (Count I); the Fifth, Seventh, and Fourteenth Amendments to the United States Constitution (Count II); and various federal criminal statutes, including 18 U.S.C. §§ 241, 242, 1503, and 1505 (Counts III & IV).

The district court granted the defendants' motion to dismiss the complaint for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P. Sidestepping the defendants' contention that Wood's complaint was barred by both claim and issue preclusion, the district court found that Wood's § 1983 claims were time barred, having accrued over nine years before the court's decision in May 2017.

We review *de novo* the grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6), accepting as true the allegations in the complaint and construing them in the light most favorable to the plaintiff. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010). To survive a Rule 12(b)(6) motion to dismiss, the complaint must allege sufficient facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations of conspiracy or wrongdoing are insufficient to prevent dismissal. *Am. Dental Ass'n*, 605 F.3d at 1293–94.

We review *de novo* a district court's interpretation and application of a statute of limitations. *Ctr. For Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006). "[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *La Grasta v. First Union Secs., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal quotation marks omitted).

We liberally construe the filings of *pro se* parties. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014). However, we may not act as "*de facto* counsel" or rewrite an otherwise deficient pleading. *Id.*

"Statutes of limitations serve important purposes in promoting the fair administration of justice." *Arce v. Garcia*, 434 F.3d 1254, 1260 (11th Cir. 2006). Their primary purpose is to assure fairness to defendants by preventing surprises and minimizing spoliation of evidence. *Id.* Statutes of limitations also relieve the courts of "the burden of trying stale claims when a plaintiff has slept on his rights." *Id.* at 1260–61 (quoting *Burnett v. N.Y. Cent. R. Co.*, 380 U.S. 424, 427 (1965)).

The ordinary rule is that "[f]ederal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983." *Uboh v. Reno*, 141 F.3d 1000, 1002 (11th Cir. 1998). In Florida, the limitations period for a personal injury action is four years. Fla. Stat. § 95.11(3); *see Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003).

4

In *Foudy v. Indian River County Sheriff's Office*, however, we indicated that the statute of limitations for a § 1983 claim based on a violation of a federal statute enacted after December 1, 1990, is governed by 28 U.S.C. § 1658, not the forum state's personal injury limitations period.  845 F.3d 1117, 1123–24 (11th Cir. 2017); *see also City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 123 n.5 (2005) (musing that § 1658 "would seem to apply" to a § 1983 claim based on upon a violation of a federal statute enacted after December 1, 1990).  Congress enacted § 1658 in 1990, and it provides a 4-year, "catch-all" limitations period applicable to "civil action[s] arising under an Act of Congress enacted after" December 1, 1990.  28 U.S.C. § 1658(a).  Claims "arising under" an Act of Congress are those "made possible" by that Act.  *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2005).

Here, the district court properly concluded that Wood's § 1983 constitutional claims (Count II) arising out of FAU's actions in 2005 and 2006 are time barred. These constitutional claims are subject to the four-year limitations period in Florida for personal injury actions.  *See McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) ("All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought.").  As Wood indicates in his complaint, he was aware that his cause of action accrued by 2006, which is well outside of the

four-year limitations period. *See Chappell*, 340 F.3d at 1283. Accordingly, Count II was properly dismissed as time barred.

As for Counts III and IV, these claims fail for two independent reasons. First, the federal statutes on which Wood relies, including 18 U.S.C. §§ 241, 242, and 1503, "are criminal in nature and provide no civil remedies." *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960).[2] None of these statutes creates an individual right enforceable through § 1983. *See Collier v. Dickinson*, 477 F.3d 1306, 1310 (11th Cir. 2007) ("For a federal statute to be enforceable under Section 1983[,] . . . Congress must have intended that the enforcement provisions of the statute focus on benefiting the plaintiff individually . . . ."). Second, even if Wood could bring a claim under § 1983 based on these criminal statutes, these claims are likewise clearly time barred because§ 1658's catch-all four-year limitations period would apply. *See Foudy*, 845 F.3d at 1123–24.

That leaves Count I, which presents a § 1983 claim based on violations of USERRA. The district court concluded that this § 1983 claim, like most § 1983 claims, was subject to the forum state's statute of limitations for personal injury actions. That appears to have been in error.[3]

---

[2] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

[3] We also do not believe that the district court's alternative disposition of Count I—citing our decision on appeal in 2011—is sufficient to sustain its dismissal. The court's

Because Count I was based on a violation of USERRA, a federal statute enacted after December 1, 1990, it was, according to *Foudy*, governed by § 1658, not the forum state's statute of limitations. *See* 845 F.3d at 1123–24; *see also Jones*, 541 U.S. at 382. Normally that would mean § 1658's four-year limitations period applies, which, in this case, was the same as Florida's limitations period. And if the federal catch-all limitations period applies, Wood's § 1983 claim based on violations of USERRA, like his other claims, would clearly be time barred. So any error would be harmless.

But § 1658's catch-all limitations period is subject to an exception: when the limitations period is "otherwise provided by law." 28 U.S.C. § 1658(a). In this regard, Wood directs our attention to 38 U.S.C. § 4327(b), which provides,

> If any person seeks to file a complaint or claim with the Secretary, the Merit Systems Protection Board, or a Federal or State court under this chapter alleging a violation of this chapter, there shall be no limit on the period for filing the complaint or claim.

38 U.S.C. § 4327(b). The phrase "this chapter" refers to USERRA. *See Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). Section § 4327(b) was added in 2008 by the Veterans' Benefit and Improvement Act of 2008 ("VBIA"), Pub. L. No. 110-389, 122 Stat. 4145 (Oct. 10, 2008). *Id.* While Wood's claims accrued before the enactment of that provision, the four-year limitations period had

---

reasoning relates to Wood's constitutional due-process claim under Count II, not to the alleged substantive violations of USERRA under Count I.

7

not yet run on these claims when § 4327(b) went into effect.  So applying § 4327(b) would not have the impermissible effect of reviving otherwise time-barred claims.  *See id.* at 837 (noting that courts are reluctant to "extend statutes of limitation to revive claims that are otherwise barred").

That raises the question of whether § 4327(b) governs over § 1658's catch-all limitations period.  In other words, can we borrow the unlimited limitations period for USERRA claims and attach it to § 1983 actions asserting violations of USERRA?  We think not.[4]

The Supreme Court confronted a similar issue in *Abrams*.  In that case, the Court addressed whether a plaintiff could bring under § 1983 a claim to enforce the provisions of a federal statute, the Telecommunications Act of 1996 ("TCA").  544 U.S. at 115.  In the course of holding that § 1983 was incompatible with the remedy provided in the TCA, the Court addressed what limitations periods apply to claims brought under § 1983 to enforce statutes that themselves contain a statute of limitations.  *Id.* at 124.  The Court first rejected the general proposition that "the limitations period in the federal statute displaces the otherwise applicable state

---

[4] Because we conclude that Wood's § 1983 claim alleging violations of USERRA is time barred, we leave for another day the question of whether the rights created by USERRA are enforceable through § 1983.  *See, e.g.*, *Morris-Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 160 (2d Cir. 2005) (holding that USERRA rights cannot be enforced through § 1983 because "USERRA provides a comprehensive remedial scheme to ensure the employment and reemployment rights of those called upon to serve in the armed forces of the United States").

8

statute of limitations." *Id.* Accordingly, USERRA's unlimited limitations period does not apply to Wood's § 1983 claim simply as a matter of course.

Next, the Court considered the argument that the limitations period in a federal statute applies to § 1983 claims through "§ 1658's prefatory clause, 'Except as otherwise provided by law.'" *Id.* at 125. Looking to the language of the TCA that imposes the limitations period, the Court found that it is "inextricably linked to—indeed, is embedded within—the language that creates the right of action." *Id.* For that reason, the Court found that "[i]t cannot possibly be regarded as a statute of limitations generally applicable to *any* action to enforce the rights" under the TCA. *Id.* (emphasis in original). The Court therefore rejected the suggestion that the Court "borrow" the TCA's statute of limitations and attach it to § 1983 actions asserting violations of the TCA, concluding that "[§] 1658's '[e]xcept as otherwise provided by law' clause does not support this suggestion." *Id.*

Similar reasoning applies here. Through several provisions, USERRA authorizes individuals to bring administrative and legal actions to enforce its provisions. *See* 38 U.S.C. §§ 4322, 4323 & 4324.[5] Section 4327(b) then states that "there shall be no limit on the period for filing" a complaint or claim "under [USERRA] alleging a violation of [USERRA]." 38 U.S.C. § 4327. Because

---

[5] Section 4323, for example, provides that "[a] person may commence an action for relief with respect to a complaint against a State (as an employer) or a private employer." 38 U.S.C. § 4323(a)(3).

9

§ 4327(b) links the unlimited limitations period to a "complaint or claim . . . under [USERRA]," the language of § 4327(b) that eliminates the limitations period "is inextricably linked to" the provisions that create the right of action.  *See Abrams*, 544 U.S. at 125.  Like the statutory language in *Abrams*, "[i]t cannot possibly be regarded as a statute of limitations generally applicable to *any* action to enforce the rights" under USERRA.  *Id.*  Although Wood's § 1983 claim alleges a violation of USERRA, it was not brought "under" the provisions of the act that create a private right of action.[6]  Instead, it was brought under § 1983.  Accordingly, § 4327(b) does not "otherwise provide[]" the limitations period (or lack thereof) for Wood's § 1983 claim alleging violations of USERRA.  *See id.*; 28 U.S.C. § 1658(a).

For these reasons, we must reject Wood's contention that his § 1983 claim alleging violations of USERRA has no limitations period.  Instead, we conclude that this claim is subject to the catch-all four-year limitations period in § 1658,

---

[6]  The record suggests a reason for that choice.  As we held in Wood's earlier appeal against FAU, federal district courts lack subject-matter jurisdiction to entertain USERRA claims filed by a private person against a state employer.  *Wood v. Fla. Atl. Univ. Bd. of Trustees*, 432 Fed. App'x 812, 815 (11th Cir. 2011) ("The text of USERRA has been interpreted to mean that jurisdiction to entertain private USERRA suits against state employers lies exclusively in state court.").  Specifically, USERRA provides, as relevant here, that "[i]n the case of an action against a State (as an employer) by a person, the action may be brought in a State court of competent jurisdiction in accordance with the laws of the State."  38 U.S.C. § 4323(b)(2).  The permissive language of USERRA regarding private actions against state employers vests exclusive jurisdiction in state courts.  *Townsend v. Univ. of Ala.*, 543 F.3d 478, 485 (9th Cir. 2008); *McIntosh v. Partridge*, 540 F.3d 315, 321 (5th Cir. 2008); *Velasquez v. Frapwell*, 165 F.3d 593, 594 (7th Cir. 1999).  The fact that Wood named individual FAU officials instead of the university itself would not save his claims because nothing in USERRA authorizes suit against a private individual.  *See Townsend*, 543 F.3d at 486–87 ("[T]he structure of USERRA and its legislative history make plain that Congress did not intend to create a cause of action against state supervisors.").

which, in this case, is the same limitations period that would apply if the limitations period were governed by the forum state. *See Foudy*, 845 F.3d at 1123–24; *Chappell*, 340 F.3d at 1283. Accordingly, Count I, like Wood's other claims, is clearly time barred. *See La Grasta*, 358 F.3d at 845. The district court therefore properly dismissed Counts I–IV.

To the extent that Wood intended his complaint to reach beyond the defendants' actions in 2005 and 2006, he has not stated a plausible claim for relief. *See Iqbal*, 556 U.S. at 678. Liberally construed, his complaint alleges that the defendants violated and conspired to violate his constitutional rights throughout the state and federal proceedings in which he challenged his termination. However, Wood offers nothing more than conclusory allegations of conspiracy and wrongdoing, which are not sufficient to state a plausible claim. *See Am. Dental Ass'n*, 605 F.3d at 1293–94.

For the first time on appeal, Wood also levels various charges at the district judge in this case. But these charges come too late, are unsupported by the record, and fail as a matter of law. Wood's allegations simply relate to the district judge's allegedly erroneous decision in this case. But for the reasons explained above, the district court properly dismissed Wood's complaint.

Finally, although Wood suggests that he should have been permitted at least one opportunity to amend his complaint, leave to amend need not been granted

11

when amendment would be futile. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*). Even if allowed to amend his complaint, Wood could not state a viable claim for relief. As we have established, Wood's underlying claims are time barred. Plus, nothing indicates that he could state a claim against the defendants for their actions in defending themselves against his lawsuits or against the district judge for her actions in this case. *See Bolin v. Story*, 225 F.3d 1234, 1240–42 (11th Cir. 2000) (holding that federal judges are entitled to "absolute immunity" from suit). Because Wood could not state a plausible claim through amendment, dismissal without leave to amend was appropriate. *See Bank*, 928 F.2d at 1112–13. We therefore affirm the dismissal with prejudice of Wood's complaint.

**AFFIRMED.**