# United States Court of Appeals for the Federal Circuit

2007-3004


MATHEW B. TULLY,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.


Mathew B. Tully, of Niskayuna, New York, pro se.

Tara K. Hogan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Kathryn A. Bleecker, Assistant Director.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2007-3004

MATHEW B. TULLY,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

_____

DECIDED:  March 21, 2007

_____

Before BRYSON and LINN, <u>Circuit Judges</u>, and ROBINSON, <u>District Judge</u>.<sup>*</sup>

PER CURIAM.

Petitioner Mathew B. Tully petitions for review of a decision of the Merit Systems Protection Board, which held that his employer does not owe him payment for 27 holidays which occurred while he was on leave without pay to serve on active duty in the U.S. Army.  We affirm the decision of the Board.

I

Mr. Tully served on active duty in the U.S. Army from October 9, 1995, to April 9, 1998.  While serving, Mr. Tully was absent from his position with his employer, the

_____

\*       Honorable Sue L. Robinson, Chief Judge, United States District Court for the District of Delaware, sitting by designation.

Federal Bureau of Prisons ("BOP"), an agency within the U.S. Department of Justice. The Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") provides that when an employee is absent for military service, the employee is

    (A)    deemed to be on furlough or leave of absence while performing such service; and

    (B)    entitled to such other rights and benefits . . . as are generally provided by the employer of the person to employees . . . who are on furlough or leave of absence . . . .

38 U.S.C. § 4316(b)(1). Pursuant to government policy, the BOP placed Mr. Tully on leave without pay for the duration of his active service and did not pay him. After completing his term of active service, Mr. Tully appealed to the Merit Systems Protection Board from the BOP's failure to pay him for holidays during his leave of absence. His primary argument was that the BOP's failure to pay him for holidays violated his rights under section 4316(b)(1)(B) because the agency provided holiday pay to employees who took paid leaves of absence to attend judicial proceedings as jurors or witnesses and therefore was obligated to provide holiday pay for him while he was on leave for military service.

The administrative judge who was assigned to Mr. Tully's case denied relief. Mr. Tully argued that his case was analogous to Waltermyer v. Aluminum Co. of America, 804 F.2d 821 (3d Cir. 1986), and that under that case he was entitled to holiday pay. The administrative judge disagreed, however. The administrative judge noted that the court in Waltermyer compared the nature of the plaintiff's absence for military purposes, which did not qualify the plaintiff for holiday pay under company policy, with the nature of other types of absences for which company policy provided holiday pay. Id. at 825.

2007-3004                                                        2

Because the Waltermyer court found that a short absence for military training was functionally similar to short absences for nonmilitary purposes, for which employees received holiday pay, it concluded that the plaintiff National Guardsman had a right to holiday pay while he was away for two-week periods of training. Id. In the present case, the administrative judge found that Mr. Tully's leave of absence for active service in the Army was significantly longer than the typical period of court leave for service as a juror or witness. As a consequence, the administrative judge held that the fact that the BOP provided holiday pay to employees during court leave did not establish that Mr. Tully was denied a benefit generally available to employees on extended leaves of absence, in violation of section 4316(b)(1)(B). For that reason, the administrative judge rejected Mr. Tully's analogy to the facts of Waltermyer. The initial decision became the final decision of the Board when the full Board denied Mr. Tully's petition for review.

II

In his petition for review by this court, Mr. Tully argues that the administrative judge misinterpreted section 4316(b)(1)(B). He argues that the statute entitles uniformed service members to the best benefits available to any employee for any leave of absence, and that it is therefore impermissible for employees on court leave to receive better benefits than employees on a leave of absence for military purposes.

We disagree with Mr. Tully's analysis of the statute. We hold that the "leave of absence" to which section 4316(b)(1)(B) refers is not any leave of absence, but rather one comparable to the leave provided to the service member for military service.

Although section 4316(b)(1)(B) does not define the type of "leave of absence" that triggers a right to equivalent treatment for employees on leave for military service,

the statute's legislative history makes clear that it is limited to a furlough or leave of absence comparable to the service member's. Both the Senate and House reports state that section 4316(b)(1) was meant to codify the decision in Waltermyer, which entitles service members to treatment equivalent to the most favorable treatment accorded to other employees for "any particular leave." H. Rep. No. 103-65(I), at 33–34 (1993), available at 1994 U.S.C.C.A.N. 2449, 2466–67; see also S. Rep. No. 103-158, at 58 (1993). Waltermyer identified the particular leave of absence whose benefits must be afforded a service member as leave on account of an absence similar to that of the service member. 804 F.2d at 822, 825. That standard reflects the purpose of Waltermyer—to require that service member employees receive benefits equal to, but not more favorable than, those generally available to all employees of the employer. Id. at 823–24. Any fair comparison of the benefits available to different groups of employees must not disregard the circumstances in which the benefits are provided; one such circumstance is the expected length of the employee's absence.

The Senate report reflects the congressional concern that a service member employee not "receive greater benefits . . . by virtue of performing service in the uniformed services than would have been accorded if the person had not left that employment for uniformed service." S. Rep. No. 103-158, at 59. Mr. Tully's interpretation of section 4316(b)(1)(B) would have just such an effect. Accepting his position would mean that the benefits provided in connection with any absence from work, no matter how different in character from the service member's absence, must be provided for all absences attributable to uniformed service. Presumably, that interpretation would mean, for example, that because the agency pays the salaries of

employees who are absent to serve as jurors, it would be required to pay Mr. Tully his full salary for the entire term of his active service in the Army. But Mr. Tully has not shown that if he had taken a leave of absence from the agency for two and a half years for reasons other than military service the BOP would have paid his salary for that entire period. Cf. Monroe v. Standard Oil Co., 452 U.S. 547, 563-64 (1981) (under a predecessor statute to USERRA, rejecting the notion that Congress intended that employee-reservists "earn the same amount of pay that they would have earned without absences attributable to military reserve duties"). To assure equal but not preferential treatment, the benefits sought by a service member must be compared with the benefits associated with absences similar to the service member's.

The administrative judge found Mr. Tully's absence to be substantially different from an absence for court duty because of the different lengths of the periods of absence and thus declined to require that Mr. Tully be accorded the same benefits as those enjoyed by employees on court leave. The Waltermyer court recognized that factors such as the duration or voluntariness of an absence are proper grounds for assessing similarity, and it was therefore appropriate for the administrative judge to rely on the difference in the expected duration of the two forms of leave in determining whether they were comparable. See 20 C.F.R. § 1002.150 (2005) (stating, in interpreting section 4316(b)(1)(B) of USERRA for employers other than the federal government, that "[i]n order to determine whether any two types of leave are comparable, the duration of the leave may be the most significant factor to compare. For instance, a two-day funeral leave will not be 'comparable' to an extended leave for service in the uniformed service."); U.S. Dep't of Labor Vet. Employment & Training

Serv., A Non-Technical Resource Guide to the Uniformed Services Employment and Reemployment Rights Act 9 (Mar. 2003) ("[Under section 4316(b),] [i]f there is a variation among different types of nonmilitary leaves of absence, the service member is entitled to the most favorable treatment so long as the nonmilitary leave is comparable. For example, a three-day bereavement leave is not comparable to a two-year period of active duty.").

We disagree with the administrative judge's suggestion that Mr. Tully's absence was also different from court leave because court leave is paid while Mr. Tully's leave was not. Payment of an employee's salary while the employee is absent from work is a benefit provided during the absence, not a characteristic of the absence. To allow differences in the available benefits to negate relief under section 4316(b)(1)(B) would undermine the effect of the statute, which is designed to remedy differences in the benefits provided for military leave and leave for other purposes. Any error in the administrative judge's reliance on the fact that court leave is paid was harmless, however, because the administrative judge separately relied on the difference between the typically brief duration of an absence for court duty and Mr. Tully's two and a half year absence for active service in the Army. That factor reflects a significant difference in the character of the two forms of leave, and the administrative judge's reliance on that factor was appropriate. Accordingly, we uphold the decision of the Board denying relief to Mr. Tully on his claim for holiday pay during the period of his active duty in the Army.

AFFIRMED.