UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

MARK MANOR,

          Appellant,

         v.

DEPARTMENT OF THE ARMY,

          Agency.

DOCKET NUMBER
CH-0752-13-1841-I-1[1]

DATE: August 31, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

LeAnne Filary, Roseville, Michigan, for the appellant.

Betty J. Baxter, Esquire and Christine L. Kachan, Esquire, Warren, Michigan, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency action furloughing him for 6 workdays. Generally, we grant petitions such as this one only when: the initial decision contains erroneous

---

[1] Pursuant to 5 C.F.R. § 1201.36, this appeal was part of a consolidation. *TACOM Warren HR H-P v. Department of the Army*, MSPB Docket No. CH-0752-14-0393-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        Effective July 8, 2013, the agency furloughed the appellant from his Environmental Protection Specialist position as a result of the Budget Control Act of 2011, as amended by the American Taxpayer Relief Act of 2012. Initial Appeal File (IAF), Tab 6 at 5-8. The furlough was set to occur on discontinuous days between July 8, 2013, and September 30, 2013, for a maximum of 88 hours (11 workdays), and for no more than 16 hours per pay period. *Id.* at 5-6. Ultimately, the agency furloughed the appellant for a total of 48 hours (6 workdays). *See id.* at 4; *see also TACOM Warren HR H-P v. Department of the Army*, MSPB Docket No. CH-0752-14-0393-I-1, Consolidated Appeal File (CAF), Tab 9 at 50-51, 62.

¶3        The appellant filed an appeal with the Board challenging the furlough action. IAF, Tab 1. He asserted that: (1) the furlough constituted a breach of his employment contract; (2) the furlough violated 5 U.S.C. chapter 61 and 5 C.F.R. Part 610; (3) he should have been exempt from the furlough based on a life, health and safety exception; and (4) the agency violated the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified

at [38 U.S.C. §§ 4301](#)-4333) (USERRA) by improperly rejecting his request to schedule his furlough days to coincide with his military duty, so as to minimize his time away from duty, thus impairing his ability to compete with his coworkers for salary increases and one-time payments. *Id.* at 5; IAF, Tab 7 at 1, Tab 9 at 3, Tab 11 at 1. He requested a hearing. IAF, Tab 1 at 2.

¶4      After holding the requested hearing, the administrative judge issued an initial decision affirming the furlough. CAF, Tab 39, Initial Decision (ID). She found that the agency proved by preponderant evidence that: (1) the furlough was a reasonable management solution to financial restrictions the agency faced and, as such, was implemented for a cause that promoted the efficiency of the service; (2) it furloughed employees in a fair and even manner; and (3) it afforded the furloughed employees constitutionally sufficient due process prior to implementing the furlough. ID at 4-5, 13-14. Specifically, as to the appellant, the administrative judge found that he failed to prove his claims that: (1) he fell within a category excepted from the furlough; (2) the furlough constituted a breach of contract; and (3) the agency denied him a benefit of employment based on his military service when it refused to allow him to schedule his furlough days to coincide with days when he was scheduled to perform military duty, in violation of USERRA.[3] ID at 6, 10-13.

___

[3] The administrative judge also rejected various appellants' claims that: (1) there was sufficient funding available to avoid the furlough; (2) the agency should have employed other cost-saving measures in lieu of implementing the furlough; (3) the agency could have used overtime to compensate them for lost productivity due to the furlough; (4) the agency redistributed savings from the furlough to contractors in the form of service contracts; (5) the agency used reservists during the furlough to perform work ordinarily performed by government employees; (6) the agency's refusal to allow them to schedule furlough days consecutively rendered them ineligible for unemployment benefits; (7) the furlough created personal hardship; and (8) they should not have been subjected to the furlough because they performed work critical to the functioning of the agency. ID at 6-10. To the extent that the appellant raised any of these arguments below, we note that he does not dispute their rejection on review. As a result, we will not disturb the administrative judge's well-reasoned findings on these issues.

¶5       The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. He argues that the administrative judge erred in: (1) finding that he failed to prove his USERRA claim; and (2) denying his discovery request for information regarding the Acquisition Demonstration Project (ADP) pay pool.[4] *Id.* The agency filed a response, to which the appellant did not reply. PFR File, Tab 3.

¶6       Under 38 U.S.C. § 4311(a), a person who performs uniformed service may not be denied any benefit of employment by an employer on the basis of that service. *Rassenfoss v. Department of the Treasury*, 121 M.S.P.R. 512, ¶ 5 (2014). An appellant raising a discrimination claim under 38 U.S.C. § 4311 bears the burden of proving that the contested agency decision was based on an improper motivation—namely, the fact of his military service or the particulars of that service. *Id.* For the reasons set forth below, we find that the appellant has not satisfied this burden.

¶7       We discern no basis to conclude that the agency's decision to deny the appellant's request regarding scheduling his furlough days was improperly based on his military service. On review, the appellant references his hearing testimony

---

[4] The appellant also asserts that new evidence warrants a different decision in this matter. PFR File, Tab 1 at 4. In particular, he claims that, after the hearing, the deciding official admitted to the appellant that he (the deciding official) erroneously denied the appellant's request to reschedule his furlough days, apologized to the appellant, and stated that he considers the appellant to be an honorable man. *Id.* This allegation in the appellant's unsworn pleading constitutes argument, not evidence. *See Leaton v. Department of the Interior*, 65 M.S.P.R. 331, 337 (1994) (finding that the appellant's prehearing submission was an unsworn pleading and, as such, constituted argument, not evidence), *aff'd*, 64 F.3d 678 (Fed. Cir. 1995) (Table). The appellant has produced no evidence to support this new argument, so we need not consider it. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). Even if we were to consider it, it would not warrant a different outcome in this appeal. Assuming arguendo that the deciding official regrets his decision to deny the appellant's request to reschedule his furlough days, this does not establish that the deciding official was legally required to grant this request or that his decision to deny the request was motivated by antimilitary animus.

that: (1) he has had a "very difficult time" with the scheduling of military leave, in that his leave has been approved, but subsequently rejected because of his failure to provide a copy of his military orders; and (2) his counterpart in another division was "severely critic[al]" of his military obligations, repeatedly complained to his supervisor about him being gone on military leave, and told his supervisor that she would not put up with his military leave. PFR File, Tab 1 at 2; *see* Hearing Compact Disc (HCD) (testimony of the appellant). Even if true, the appellant has not established how these allegations relate to the furlough action at issue in this appeal. He has not shown that the deciding official, who was responsible for denying his rescheduling request, was involved in previous decisions regarding his use of military leave, or in any way influenced by the counterpart who was allegedly critical of the appellant's military leave.

¶8      The deciding official testified that all furlough days were determined in advance of the furlough, in conjunction with various unions.[5] HCD (testimony of the deciding official). He stated that this allowed the agency to ensure its ability to meet its basic mission by maintaining awareness of all employees' schedules. *Id.* He further testified that he made a conscious decision not to consider any rescheduling requests because it was necessary to treat everyone equally and opening up the possibility of exceptions could create an unwanted "ripple effect." *Id.* He indicated that, although the selected furlough days may have been inconvenient for some, the furlough affected several thousand employees, and it would not be feasible to accommodate everyone's preferences. *Id.* Thus, he decided that he "did not want to go down that path" and, in accordance with that determination, refused to consider the appellant's rescheduling request. *Id.*

---

[5] The appellant asserts that the administrative judge erred in considering this testimony, *see* ID at 12, because he is not a union member and the union is prevented from representing him, *see* PFR File, Tab 1 at 3. Assuming arguendo that the agency erred in subjecting him to the furlough schedule established in conjunction with various unions, this does not establish that its actions were motivated by any antimilitary animus.

These assertions, to which the appellant makes no meaningful challenge,[6] suggest that the appellant was not subjected to discrimination.[7] Rather, it appears that the agency uniformly applied a predetermined policy.

¶9    We note that the appellant's contention that he was "forced to be gone 6 more days from work than any other furloughed employee" and was disproportionately injured as a result of the furlough is plainly incorrect. *See* PFR File, Tab 1 at 2-3. The appellant was furloughed for 6 days, just like many other employees, and there is no evidence that the agency imposed upon him a furlough of greater length than any other similarly situated employee. That he also had previously scheduled[8] military duty to complete is irrelevant because this obligation would have existed even in the absence of the furlough. Indeed, the agency did not create this obligation; rather, the Michigan Air National Guard issued the appellant's military orders. IAF, Tab 9, Exhibit B at 4-12.

¶10    We also note that the Office of Personnel Management's Guidance for Administrative Furloughs indicates that employees may not substitute paid leave or other forms of paid time off, including military leave, for any hours or days designated as furlough time off. IAF, Tab 13 at 23. Thus, the agency was without authority to permit the appellant to take paid military leave while simultaneously placing him in a furlough status.

---

[6] The appellant argues that this testimony is "misleading" because he was the only employee who requested a different schedule. PFR File, Tab 1 at 3. We disagree. The fact that the deciding official only denied the appellant's request because no other employees made similar requests is not evidence of discrimination. We cannot infer discriminatory motivation simply based on the absence of similarly situated comparators.

[7] *See Garcia v. Department of State*, 106 M.S.P.R. 583, ¶ 16 (2007) (stating that USERRA's prohibition against the denial of a benefit of employment on the basis of an employee's military service does not entitle an employee to preferential treatment) (citing *Tully v. Department of Justice*, 481 F.3d 1367, 1369-70 (Fed. Cir. 2007).

[8] The appellant's military duty orders are dated May 1, 2013, and May 30, 2013. IAF, Tab 9, Exhibit B at 4-12. The agency reached its decision regarding the furlough on June 25, 2013. IAF, Tab 6 at 8.

¶11      As to the appellant's discovery request regarding the ADP, he testified at the hearing that the ADP operates under a pay pool system, whereby employees compete for salary and bonuses. HCD (testimony of the appellant). As such, he believes that he could have received a higher salary or bonus had he been permitted to schedule his furlough days to coincide with his military duty, rather than being gone for the 6 days he was furloughed in addition to his military leave days. *Id.* To that end, he sought to discover information regarding ADP employee scoring and salary increases and payouts. IAF, Tab 7 at 1. He states on review that this information would have permitted him to "identify and quantify his damages in how he was rated compared to others" in the pay pool. PFR File, Tab 1 at 4. However, the impact of the decision to deny the appellant's rescheduling request is not relevant to the question of whether that decision was discriminatory. We therefore discern no error in the administrative judge's decision to deny this discovery request.

¶12      Based on the foregoing, we find that the appellant has not established any basis for review. Accordingly, we deny his petition for review and affirm the initial decision.[9]

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

---

[9] If the appellant believes that his absences for military leave have a disproportionately negative effect on his pay and awards under the ADP, this is a separate issue from whether the denial of his request to schedule his furlough days to coincide with his military leave constituted discrimination under USERRA, and he may file a separate USERRA appeal with the Board on that matter. We express no opinion as to the Board's jurisdiction over, or his likelihood of prevailing in, such an appeal.

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.